

**David L. Barron**
**Direct Phone  713-750-3132**
**dbarron@cozen.com**

December 26, 2019

*VIA ECF*

Honorable Judge Jeffrey V. Brown
U.S. District Court for the Southern District of Texas
Galveston Division
601 Rosenberg
Galveston, TX 77550

      Re:    *Waggoner v Circor International, Inc.*; Civil Act. No. 3:19-cv-00273
             U.S.D.C. Southern District of Texas, Galveston Division

Your Honor:

      I write to you on behalf of Plaintiff Jerry Waggoner, in the above-captioned matter, pursuant to the September 11, 2019, Notice of Reassignment issued by the Clerk, and Magistrate Judge Edison's court procedure 6(B).

      This matter involves restrictive covenants that directly impact Waggoner's ability to work and earn a living. Circor has threatened Waggoner with enforcement of restrictive covenants that would prevent him from doing **any** job, for **any** competitor, **anywhere** in the world, **for two years**, or from soliciting **any** of Circor's customers. Waggoner has no recollection of signing any such agreement, and promptly seeks to file his Motion for Summary Judgment now, a mere four days after Circor provided its Rule 26 documents which, incidentally, prove Waggoner did not sign any agreement containing restrictive covenants. Since Circor is holding enforcement of the covenants over Waggoner's head, prompt resolution of the issues outlined herein and in Waggoner's anticipated motion is critical.

      The basis for Waggoner's anticipated motion can be summarized as follows:

      Plaintiff Jerry Waggoner (currently 62 years old) has worked for nearly 40 years in the petrochemical refining industry, with particular focus in the fluid catalytic cracking and delayed coking spaces. Without any formal education in the field, Waggoner worked his way up literally from the bottom by doing entry-level maintenance and turnaround work at the Valero Texas City refinery, and eventually advancing to operations manager over the entire facility in 2001. There he was personally tasked with building and commissioning the entire reconfigured unit, which he oversaw and operated for 7 years. After doing so, Waggoner transitioned to a position with Foster Wheeler, an engineering, procurement, and construction firm, where he continued his

Honorable Judge Jeffrey V. Brown
*Waggoner v Circor International, Inc*
Civil Action No. 3:19-cv-00273
December 26, 2019
Page 2

_____

work in the fluid catalytic cracking and delayed coking fields, providing technical assistance to refineries in planning, constructing, and commissioning facilities. Through Valero and Foster Wheeler, Waggoner developed many industry contacts, including vendors like Delta Valve (aka Defendant Circor International, Inc.).

After leaving Foster Wheeler in 2012, and working as an independent consultant for a period of time – and after 35 years in the industry – Waggoner was approached by Delta Valve to help them set up and run an aftermarket business, providing maintenance to Delta Valve products already installed. Waggoner was hired for that position in 2015, without ever being asked to sign any sort of non-compete or non-solicit agreement. Waggoner did not sell products or services, did not negotiate pricing, and did not design products. He simply provided services to those refinery facilities that needed maintenance on their existing Circor hardware. After Delta Valve was bought by Circor in 2016, the business fell off significantly. The company laid off a number of employees, cut compensation to existing employees, all while saddling those remaining (like Waggoner) with additional duties.

In 2017, Waggoner received an email asking him to "accept" Circor stock options, which he did by following the prompts and instructions provided to him by Circor's third party administrator. Waggoner was not asked to review or acknowledge the contents of any corresponding documents related to those options, and never received a copy of an agreement containing restrictions on competition.

In 2019, Circor's business continued to suffer, and management threatened to terminate Waggoner unless he accepted a demotion. In February 2019, Waggoner resigned. Only a few days later Waggoner received a letter for Circor's counsel, disclosing to him for the first time the existence of certain restrictive covenants that were buried in a Restricted Stock Unit Agreement associated with the Circor stock options Waggoner accepted in 2017, worth only approximately $2,900.

According to Circor, pursuant to these restrictive covenants, Waggoner is precluded for two full years from doing literally any job, anywhere in the world, for any company that manufactures products that compete with Circor's, and cannot solicit any company that did business with Delta Valve while Waggoner was with the company. It is difficult to conceive of a broader restrictive covenant than a two year, worldwide, industrywide ban on competition or solicitation by Waggoner. Waggoner did not knowingly agree to these restrictive covenants and did not receive the consideration offered in exchange. These boilerplate, blanket covenants reach farther and longer than necessary to protect any sort of legitimate business interest, and there was apparently no attempt to limit their scope in any way. Pursuant to Texas Business & Commerce Code §15.51, these covenants are unenforceable as written, or alternatively, must be substantially reformed before they are enforced. Regardless, Circor's attempt to enforce them entitles Waggoner to costs and fees under §15.51.

Honorable Judge Jeffrey V. Brown
*Waggoner v Circor International, Inc*
Civil Action No. 3:19-cv-00273
December 26, 2019
Page 3

_____

      Waggoner intends to file a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, seeking a declaration that the covenants are unenforceable, or alternatively (and only to the extent Circor shows is necessary) the covenants must be substantially reformed, which will likely moot the lawsuit since almost one year has already passed. Waggoner is also seeking costs and fees under Texas Business & Commerce Code §15.51.

      Every day that passes is a day that Waggoner cannot pursue his career and delay of the adjudication of his motion directly benefits Circor. No discovery is necessary in this case as the evidence necessary to prove the enforceability of the Circor agreement is exclusively in the possession of Circor.

      The undersigned has conferred with counsel for Circor, and Circor is opposed to the proposed motion.

      Plaintiff Jerry Waggoner is appreciative of the Court's consideration, and the undersigned is available for a telephone conference to discuss the foregoing, should the Court determine that it would be necessary to do so before filing.

      Sincerely,

      David L. Barron

DLB:lrj

c:    Travis J. Odom (*via email: todom@littler.com*)

44174903\4