

Littler Mendelson, PC
1301 McKinney Street
Suite 1900
Houston, TX 77010

Travis J. Odom
713.652.4780 direct
713.951.9400 main
713.583.9576 fax
todom@littler.com

December 30, 2019

**VIA ECF**

Hon. Jeffrey V. Brown
U.S. District Court Judge
Southern District of Texas, Galveston Division
601 Rosenberg
Galveston, TX 77550

Re: *Waggoner v. CIRCOR International, Inc.*; No. 3:19-CV-00273, in the United States District Court for the Southern District of Texas, Galveston Division

Dear Judge Brown:

I write in response to the Plaintiff Jerry Waggoner's letter requesting conference, which was filed on December 26, 2019. The Court has already entered an order that Waggoner may file his motion for summary judgment. However, I write to ask the Court to reconsider because a motion for summary judgment at this point is premature and unnecessary.

Factual Background

Waggoner's factual recitation is incomplete in several respects. Waggoner's description of his role at DeltaValve, LLC, a subsidiary of CIRCOR International, Inc. ("CIRCOR"), is misleading. Waggoner makes it sound like he was a service technician ("He simply provided services . . ."). Waggoner was employed as Senior Director of Services and Aftermarket. He was the face of CIRCOR's refinery valve business (including DeltaValve and its sister company TapcoEnpro) to the world with respect to those CIRCOR company offerings that pertain to delayed coking and fluid catalytic cracking industries. He was the third highest paid employee of CIRCOR's refinery valve business, and he had access to confidential information regarding aftermarket services for the company worldwide, including not just customer contact information, but also pending and upcoming projects, bids, timelines, orders, pricing, and information related to sales, and other information.

Shortly before his resignation, Waggoner's role was being redefined, and he was being given more responsibility. He suddenly went dark, and on February 8, 2019, he quit without notice. After receiving notice of his resignation, CIRCOR looked for his paper personnel file, and found it unexpectedly missing. CIRCOR also learned that the cell phone Waggoner turned in to the company had been wiped and reset to factory settings. A couple of weeks later, CIRCOR learned that he had taken a job at a competitor. CIRCOR sent a letter on February 21, 2019 informing his new employer IMI Zimmerman & Jansen, Inc. ("IMI Z&J") that Waggoner's employment violated his Agreement with CIRCOR. On March 7, 2019, IMI Z&J responded that Waggoner would be prohibited from working in direct competition with CIRCOR for

an 8 month period, and advised that Waggoner had been assigned, at least temporarily, to a business line that did not compete with CIRCOR products in any way, and that Waggoner had been instructed not to contact customers with whom he worked during his employment at CIRCOR. Similar assurances were given as late as July 2019, shortly before the filing of the present lawsuit.

Procedural Irregularities

This case began with Waggoner filing a petition for declaratory judgment in state court, intending to obtain the final relief of a declaration from the court in the form of a TRO. The only declaration sought by Waggoner in his petition is that his "non-compete" is not enforceable. Two items are worth note – first, CIRCOR has not filed, and has no intention to file, an action for breach of the non-competition covenant in his Agreement; second, Waggoner's petition does not seek a declaration with respect to the non-solicitation covenant, which is the provision the parties have been negotiating over for several months now. In other words, the Court likely lacks jurisdiction to render judgment as to the non-compete, as it does not present a justiciable controversy, and Waggoner's pleadings will not support a judgment on the non-solicitation covenant. Both of these issues militate toward denying Waggoner leave to file a summary judgment motion at this juncture.

When Waggoner's current counsel was retained, the ill-conceived TRO-declaratory-judgment strategy was abandoned. But now, it has been resurrected in the form of a bull-rush to summary judgment. Waggoner's statement to the Court that discovery is unnecessary is facile and incorrect. In his own letter to the Court, Waggoner raises several issues concerning which discovery is necessary. For instance, discovery is needed regarding his denial that he was given the opportunity to review the Agreement, the extent to which Waggoner was already familiar with the companies and contacts for whom he performed work at CIRCOR based on his industry experience, and the extent to which he intends to challenge the confidentiality of certain information that was given to him or that he was given access to, which forms the protectable interest that is safeguarded by his non-solicitation covenant, to name just a few appropriate topics of discovery. These are also areas where there are certain to be factual disputes, especially at this early stage, which will prevent summary judgment. It is a waste of the parties' and the Court's resources to delve into summary judgment briefing at this stage of the case.

Further, just because CIRCOR has information that it might use to justify its covenants in its possession does not mean that it should be subjected to a summary judgment ambush without the chance to question the Plaintiff about his contentions. That is not due process. Waggoner fails to inform this Court that discovery requests are pending to Waggoner presently, and responses will be due on January 9. As mentioned, a deposition of Waggoner will need to be taken once adequate written discovery is obtained.

The platitudes about Waggoner being unable to make a living or pursue his career are untrue. Waggoner has been working for IMI Z&J for approximately 11 months, and CIRCOR is interested only in being sure he abides by his non-solicitation obligations. There is no equitable justification for rushing to judgment in this case.

### Waggoner Misrepresents the Covenant at Issue

As already stated, the non-compete covenant is the only covenant concerning which Waggoner has sought a declaration. But to the extent the Court considers allowing him to seek a summary judgment as to the non-solicit covenant, Waggoner has grossly misstated its language and effect, which may have had some effect on the Court's decision to allow such an early summary judgment. Far from preventing solicitation of any customers of CIRCOR, the non-solicitation is limited to preventing solicitation of only customers of the CIRCOR business 1) over which Waggoner had management responsibility, 2) to whom he provided regular services during his employment, or 3) about which he had access to confidential or proprietary information. Thus, the non-solicit covenant is narrowly tailored to the CIRCOR customers that Waggoner dealt with on behalf of CIRCOR.

### CIRCOR Plans to Seek Leave to File Claims Related to Waggoner's Breach

Finally, CIRCOR suspects that the true reason for Waggoner's rush toward judgment is that he has been breaching his Agreement of late, and wants to preclude a future suit for his breaches. In particular, since early December, it has come to CIRCOR's attention that Waggoner has been actively soliciting business in violation of his non-solicitation covenants. For this reason, CIRCOR will be filing a request for conference to file a motion to amend its answer to add claims related to the breaches.

CIRCOR respectfully asks the Court to reconsider its order allowing a summary judgment motion to be filed at this early stage. Due process, fairness, and procedural considerations all weigh in favor of allowing the case to progress through discovery first.

Sincerely,

Travis J. Odom
Shareholder

TJO


cc: David Barron (via ECF)