

**David L. Barron**
**Direct Phone** 713-750-3132
**dbarron@cozen.com**

January 6, 2020

*VIA ECF*

Honorable Judge Jeffrey V. Brown
U.S. District Court for the Southern District of Texas
Galveston Division
601 Rosenberg
Galveston, TX 77550

   Re: *Waggoner v Circor International, Inc.*; Civil Act. No. 3:19-cv-00273
     U.S.D.C. Southern District of Texas, Galveston Division

Your Honor:

   Plaintiff Jerry Waggoner ("Waggoner") submits this letter in response to defendant Circor International, Inc.'s ("Circor") January 2, 2020, request for a pre-motion conference. Waggoner opposes the substance of the requested Motion, but is not opposed to a pre-motion conference.

   The timing of Circor's request (two days after Waggoner filed his motion for summary judgment, and <u>a full six weeks after the pleadings deadline established by the Court</u> (Dkt. 9)), speaks volumes as to its merits. Further, Circor's letter makes clear that the ultimate goal is not to bring a good faith counterclaim, but to seek a remand to state court of a case which Circor, itself, removed. This is a perfect example of the delay tactics that Circor has employed throughout this dispute. Circor knows the restrictive covenants at issue are unenforceable, and its actions show it has no real interest in litigating the enforceability of its agreement – it merely wants to hold the specter of the covenants over Waggoner's head (and his new employer IMI Zimmerman & Jansen, Inc. ("IMI")) for as long as possible.

   Contrary to Circor's supposed newly-discovered "evidence," the fact remains that Circor has been alleging that Waggoner was in breach of his restrictive covenants since he joined IMI in February 2019, and has been threatening to sue him and IMI for the last 10 months. Waggoner has been trying to resolve this matter amicably through negotiations without success. Circor admits it has known Waggoner has been employed with IMI for 11 months, and has known since at least August of 2019 when settlement negotiations broke down that if it wanted to restrict Waggoner from working or soliciting customers it would have to do it in court.

There is nothing new about the type of evidence listed in Circor's letter and no good cause for Circor waiting until after the deadline for amendment of the pleadings to seek affirmative relief. Notably, Circor does not mention anything about seeking an injunction to actually put its agreement to a legal test – it just wants to gum up the works with procedural delays.

If Circor really thought it had an enforceable agreement it would have sought an injunction long before now, and not made Waggoner file a declaratory judgment and motion for summary judgment to adjudicate his rights -- then do everything possible to delay that adjudication. Waggoner urges this Court to deny the Motion outright or abate it as premature. Under Texas law, if the Court modifies an overly broad restrictive covenant (like this one), the employer is not even entitled to recover damages for the time period prior to the court's modification. *See* Section 15.51(c), Tex. Bus. Commerce Code (…may not award the promisee damages for a breach of the covenant before its reformation"). Therefore, the Court should **first decide** Waggoner's Motion as it will ultimately dictate whether Circor's Motion is moot. For example, if the Court decides there is no enforceable agreement or reforms the covenants <u>in any respect,</u> there can be no claim for damages until after the date of the Order. If the Court finds the agreement is enforceable as written, Circor can, of course, bring its claim for damages, and will be well within the statute of limitations. Circor suffers no prejudice by the Court denying or abating its motion and moving forward expeditiously with Waggoner's motion to obtain a declaration on the enforceability of the agreement.

Sincerely,

David L. Barron

DLB:lrj

c:      Travis J. Odom (*via email: todom@littler.com*)

44239865\1