# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| **JERRY WAGGONER and** | § | |
| **ZIMMERMAN & JANSEN, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:19-CV-273 |
| | § | |
| **CIRCOR INTERNATIONAL, INC.,** | § | |
| | § | |
| Defendant. | | |

### DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S VERIFIED ORIGINAL PETITION AND ORIGINAL COMPLAINT AGAINST ZIMMERMAN AND JANSEN, INC.

Defendant CIRCOR International, Inc. ("CIRCOR" or "Defendant") files this Amended Answer, Affirmative and Other Defenses, and Counterclaims to Plaintiff's Verified Original Petition.

## I.
## GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all matters pleaded by Plaintiff and requests that the Court require Plaintiff to prove each of his claims and allegations by a preponderance of the evidence or such higher burdens as may be required under the applicable law.

# II.
# AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing general denial, and pleading in the alternative where necessary, Defendant pleads the following affirmative and other defenses. Defendant reserves the right to plead additional affirmative defenses.

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Restricted Stock Unit Agreement, including the Non-Compete/Non-Solicitation Agreement therein which is at issue in this lawsuit, is valid and enforceable.

### THIRD DEFENSE

Plaintiff's declaratory judgment action is improper because it seeks only factual conclusions from the Court, and not a true declaration of legal rights.

### FOURTH DEFENSE

Plaintiff's declaratory judgment action is improper because it constitutes a bare attempt to obtain attorneys' fees based on an anticipated enforcement of Plaintiff's Non-Compete/Non-Solicitation Agreement at issue in this lawsuit.

### FIFTH DEFENSE

Plaintiff's requested declaration is improper because Plaintiff received legally sufficient consideration to support the promises in his restrictive covenants, and the restrictive covenants within the Restricted Stock Unit Agreement are part of an otherwise enforceable agreement.

#### SIXTH DEFENSE

Plaintiff's requested declaration is improper because restrictive covenants in the Restricted Stock Unit Agreement are reasonable with respect to geography, scope of activity, and time.

\* \* \*

Defendant reserves the right to plead additional defenses as appropriate.

### III.
### COUNTERCLAIM AND ORIGINAL COMPLAINT AGAINST ZIMMERMAN & JANSEN, INC.

In addition to the foregoing, and without waiving the same, Defendant asserts the following counterclaim for breach of contract against Plaintiff Jerry Waggoner ("Waggoner") and claim for tortious interference with contract against party plaintiff Zimmerman & Jansen, Inc. ("IMI Z&J"), as follows:

**A.  Parties**

1. CIRCOR is a Delaware corporation, duly formed and existing under the laws of Delaware.

2. On information and belief, Waggoner is an individual who resides in Galveston County, Texas, and he may be served at his last known address of 1933 Enterprise Avenue, League City, Texas 77573, or wherever he may be found.

3. On information and belief, Zimmerman & Jansen, Inc. is a Delaware corporation, duly formed and existing under the laws of Delaware, which does business in Texas. It can be served by service on its registered agent, Corporation Service

Company, d/b/a CSC-Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**B.** **Jurisdiction**

4. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction under 28 U.S.C. § 1332, although joinder of IMI Z&J, admittedly, would destroy diversity.

**C.** **Facts**

5. Waggoner was employed by CIRCOR's wholly owned subsidiary, DeltaValve, LLC, from about August 2015 to February 8, 2019. At the time of his separation, he was the Senior Director of Services and Aftermarket. In this role, Waggoner served as the face to DeltaValve's customers, both domestically and internationally, in the Delayed Coking and Fluid Catalytic Cracking industries, and was provided with information about the identities of various customers, contact information for those customers, pending and upcoming projects, bids, timelines, orders, pricing, and other information related to sales. He also received confidential information regarding suppliers and vendors, contract manufacturers and service providers involved with new equipment as well as aftermarket activities.

6. On or about February 27, 2017, CIRCOR and Waggoner entered into a Restricted Stock Unit Agreement for Employees Under the CIRCOR International, Inc. 2014 Stock Option and Incentive Plan (hereinafter the "Agreement"). The Agreement included a non-compete/non-solicitation provision. This provision states, in part:

… Awardee, for a period of two years following the termination of Awardee's affiliation with the Company shall not directly or indirectly (1) induce, solicit, request or advise any Customers [] to patronize any business which competes with any business of the Company for which Awardee either (a) has had any management responsibility, (b) has otherwise provided regular services during his affiliation with Company, or (c) has had access to confidential or proprietary information….

7. Waggoner received a distribution of restricted stock on March 27, 2018, consisting of 110 shares of restricted stock. Waggoner resigned his employment with DeltaValve, LLC on February 8, 2019.

8. On information and belief, Waggoner began employment with IMI Z&J soon after February 8, 2019, in the position of Vice President of Product Strategy. Waggoner is currently employed by IMI Z&J.

9. IMI Z&J is a competitor of CIRCOR. Specifically, IMI Z&J is engaged in the design, manufacture, development, distribution, marketing, and/or sales of products which compete with certain of CIRCOR's lines of business that Waggoner had managerial responsibility over, or that he otherwise provided regular services to, during the two year period immediately preceding his resignation on February 8, 2019.

10. By letter sent through legal counsel on February 21, 2019, CIRCOR informed IMI Z&J about Waggoner's Agreement and CIRCOR's belief that Waggoner's employment with IMI Z&J violated the Agreement.

11. IMI Z&J responded to the February 21, 2019, letter on March 7, 2019. IMI Z&J advised that Waggoner had been temporarily assigned to a business line which did not compete with CIRCOR products in any way, and that Waggoner had also been

instructed not to contact any customers with whom he had worked during his employment with CIRCOR.

12. Several months later, Waggoner's legal counsel made verbal commitments that Waggoner was still "sidelined," awaiting resolution of the dispute between him and CIRCOR. As such, CIRCOR believed that Waggoner was not working for IMI Z&J in a capacity that called on him to solicit CIRCOR's customers in violation of his Agreement.

13. Through legal counsel, over approximately the next four months, CIRCOR and Waggoner engaged in negotiations regarding limitations on Waggoner's employment with IMI Z&J that might resolve CIRCOR's concerns that his continued employment would violate the Agreement. Waggoner then filed this civil action on June 17, 2019, seeking declaratory and injunctive relief, alleging the unenforceability of the non-compete and non-solicitation provisions of the Agreement. Notably, Waggoner's petition contains allegations that "Waggoner is unable to work at this time because he is under the constant threat that CIRCOR will initiate legal action" to enforce the Agreement. Dkt. 1, at ¶ 19.

14. On December 5, 2019, representatives for CIRCOR attended a meeting at the corporate office of one of its current customers, Phillips 66. The meeting was with the Phillips 66 Coker team, and presented an opportunity for Phillips 66's specialty suppliers to have a face to face meeting with key personnel at Phillips 66 to discuss opportunities for new business, among other matters. While exiting this meeting, CIRCOR's representatives witnessed Waggoner entering the same corporate office along with an individual known to be a sales manager for IMI Z&J and another individual unknown to

CIRCOR. On information and belief, the purpose of Waggoner's presence at the corporate office of Phillips 66 was to induce, solicit, request, or advise representatives of Phillips 66 to patronize IMI Z&J. Phillips 66 was a customer of CIRCOR during Waggoner's employment with DeltaValve, LLC. Waggoner oversaw all of DeltaValve's aftermarket work for Phillips 66 during his employment with DeltaValve, LLC.

15. In early December 2019, CIRCOR learned that Waggoner had a lunch meeting with a representative for CIRCOR's business partner and customer, Wood Group ("Wood"). Wood is a licensor who incorporates CIRCOR products into its designs, in part, based on an exclusive agreement. On information and belief, Waggoner disparaged CIRCOR's business during this lunch meeting in an effort to indirectly induce, solicit, request, or advise patronage by Customers who utilize Wood for delayed coking licensing. Waggoner's employment with DeltaValve, LLC involved extensive interaction with Wood, and exposure to CIRCOR's confidential information concerning Wood, including but not limited to, the terms of CIRCOR's agreements with Wood.

16. Further, on information and belief, Waggoner has been involved, on behalf of IMI Z&J, with soliciting, inducing, requesting, or advising that Petroleos Mexicanos ("Pemex") conduct business with IMI Z&J. Pemex recently decided to award a multi-million dollar contract to IMI Z&J, rather than CIRCOR, which CIRCOR alleges was due in whole or in part to the involvement of Waggoner in pursuing the business, in breach of his Agreement.

**D. Cause of Action: Breach of Contract**

17. The preceding paragraphs 1 through 16 are incorporated herein by reference.

18. Waggoner is in breach of his contractual obligations under the Agreement because of his solicitation, both directly and indirectly, of prohibited customers pursuant to his employment with IMI Z&J.

19. CIRCOR seeks restitutionary damages from Waggoner for his breach of the Agreement. CIRCOR also seeks recovery or any unjust enrichment to Waggoner. Further, upon information and belief, CIRCOR has lost business, market share, and otherwise suffered damages as a result of Waggoner's breach of the Agreement for which it seeks recovery. In the alternative, CIRCOR is entitled at least to an award of nominal damages for Waggoner's breach.

20. CIRCOR is entitled to monetary damages, interest, and costs of court as a result of Waggoner's breach of the Agreement.

**E. Cause of Action: Tortious Interference with Contract**

21. The preceding paragraphs 1 through 20 are incorporated herein by reference.

22. IMI Z&J has willfully and intentionally, with knowledge of Waggoner's Agreement with CIRCOR, induced Waggoner to breach his Agreement, or has hindered Waggoner from performing his duties to CIRCOR under the Agreement.

23. IMI Z&J's actions have caused and will likely continue to cause damages to CIRCOR.

24. CIRCOR is entitled to recovery of all damages related to IMI Z&J's tortious interference with Waggoner's Agreement. CIRCOR also seeks recovery of any unjust enrichment to IMI Z&J.

## IV.
## EXEMPLARY DAMAGES

25. IMI Z&J has acted willfully and maliciously, or in reckless disregard of CIRCOR's rights. As a result, CIRCOR is entitled to recover exemplary damages from IMI Z&J.

## V.
## CONDITIONS PRECEDENT

26. All conditions precedent necessary to this claim have been performed or have occurred.

## VI.
## REFORMATION

27. To the extent the Court finds the restrictive covenants contained in the Agreement are too broad to be enforced, or otherwise unenforceable, CIRCOR requests that any such covenants be reformed by the Court so as to make the restrictions enforceable to the maximum extent allowed by law, and that the Court equitably extend the duration of the restrictions as necessary to take into account any periods of breach by Waggoner.

## VII.
## PRAYER FOR RELIEF

28. On Waggoner's claim against CIRCOR, CIRCOR requests that judgment be entered, that Waggoner take nothing from CIRCOR, that CIRCOR be awarded its

costs and attorneys' fees, and that CIRCOR recover such other and further relief to which it is justly entitled.

29. On CIRCOR's counterclaims against Waggoner and IMI Z&J, CIRCOR requests that it obtain and recover judgment as follows:

 a. That CIRCOR be awarded all actual damages, an amount which is in excess of the minimum jurisdictional limit of the Court;

 b. That CIRCOR be awarded any unjust enrichment to Waggoner or to IMI Z&J;

 c. That CIRCOR be awarded exemplary damages;

 d. That CIRCOR be awarded pre- and post-judgment interest;

 e. That CIRCOR be awarded its costs of suit; and

 f. That CIRCOR recover such other and further relief, at law or equity, to which it is justly entitled.

Dated: February 14, 2020

*OF COUNSEL:*

Luke C. MacDowall
State Bar No. 24104445
Fed. ID No. 2983511
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400
713.951.9212 (Fax)

Respectfully submitted,

*/s/ Travis J. Odom*
Travis J. Odom
State Bar No. 24056063
Federal I.D. No. 997750
todom@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400
713.951.9212 (Fax)

**ATTORNEYS FOR DEFENDANT CIRCOR INTERNATIONAL, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of Court using the electronic filing system and email on this the 14th day of February, 2020.

David L. Barron
Adam C. Gutmann
Cozen O'Connor, PC
1221 McKinney, Suite 2900
Houston, Texas 77010
dbarron@cozen.com
agutmann@cozen.com

                                            */s/ Travis J. Odom*
                                            Travis J. Odom