# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| **JERRY WAGGONER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 3:19-CV-273** |
| v. | § | |
| | § | |
| **CIRCOR INTERNATIONAL, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF JERRY WAGGONER'S RESPONSE TO
## CIRCOR INTERNATIONAL INC.'S MOTION FOR LEAVE TO AMEND

COMES NOW, Plaintiff Jerry Waggoner, and submits this Response to Circor International Inc.'s ("Circor") Motion for Leave to Amend (Dkt. 27), and in support thereof would show:

**I.    SUMMARY OF RESPONSE**

Circor has engineered the present controversy by strategically holding its proposed counterclaims in reserve until the opportune moment to apply pressure on Waggoner and try to delay an adjudication of the enforceability of the restrictive covenants Circor claims to have with Waggoner. Since Circor's counterclaims are derivative of and entirely dependent on the enforceability of the restrictive covenants, Waggoner urges the Court to ignore this distraction and rule **first** on Waggoner's Motion for Summary Judgment (Dkt. 13). As explained herein, no matter the ruling from the court, a declaration on the restrictive covenant at issue resolves the only live claim in this case – a claim for declaratory judgment. There will be no need for an amendment because the

case will be over, and Circor will be free to file a case for damages wherever it wants, to the extent such a claim remains viable after the Court's decision.

By way of background, Circor did not sue Waggoner when he went to work for Circor's biggest competitor, IMI, in February of 2019. Circor did not sue Waggoner or IMI when it accused Waggoner, in writing, of violating his non-compete / non-solicit by working on behalf of IMI in April and May of 2019.[1] Circor did not sue Waggoner or IMI after Waggoner was forced to file for declaratory relief in June of 2019, or even after being counseled by Judge Edison of the amendment deadline. Finally, Circor did not sue Waggoner or IMI even after it allegedly learned that Waggoner was soliciting customers on December 5, 2019. Instead, Circor chose to hold its claims in strategic reserve until Waggoner filed for summary judgment.

At present, the options before the court are as follows: (1) render a summary judgment declaring the Agreement[2] unenforceable (thereby precluding any counterclaim by Circor and ending the case); (2) render a summary judgment reforming the Agreement (precluding a counterclaim for any putative damages that pre-date reformation but leaving Circor free to sue Waggoner and/or IMI in a separate lawsuit for any subsequent

---

[1]  The May 17, 2019 email from Circor's prior counsel to Waggoner's prior counsel (Exhibit 1) makes clear that Circor has been harassing Waggoner for allegedly violating his agreement since virtually the first day he left the company: "**Jerry Waggoner has been contacting Circor's suppliers** in other countries, the identity of which he would not be aware of absent his access to Circor's confidential information." (emphasis added). Notably, this email illustrates that Circor has taken the position that Waggoner cannot speak to <u>anyone</u> in the industry, including not only Customers (as the purported agreement limits) but even suppliers as well.

[2]  References to the "Agreement" herein refer to the restrictive covenants in the Restricted Stock Unit Agreement at issue in this case.

damages that may arise, if any)[3]; (3) render summary judgment declaring the Agreement wholly enforceable as written (ending the case at bar, but again leaving Circor free to pursue its claims in a separate lawsuit); or (4) grant Circor leave to amend before ruling on the summary judgment, which would moot the extensive briefing now before the court, require a remand to the very state court from which Circor removed the case, and significantly delay the resolution of this matter.

The Court has already indicated that it intends to rule on Waggoner's Motion, and ultimately, it would make no sense to delay the resolution of the predicate *legal* question of enforceability that is dispositive of both Waggoner's requested declaratory relief, as well as Circor's putative counterclaims. Circor has not even tried to make a serious case, either at the recent hearing or in its Motion, that the Court should delay ruling on the pending summary judgment motion, or that a delay would be in the interest of justice. It clearly would not. Circor's Motion to Amend is nothing but a continuation of threats that have been ongoing for a year, and one more effort to make Waggoner and his new employer spend money. Considering the questionable timing of Circor's request for leave to amend, the fact that Circor's motion will become moot once the Court rules on the pending summary judgment motion, and that ruling on Waggoner's motion first will have zero impact on the nature or availability of Circor's rights, Waggoner respectfully requests that Circor's Motion be denied.

---

[3] Texas Business and Commerce Code section 15.51(c) provides that, if the Court reforms the covenant "the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief." Tex. Bus. & Com. Code §15.51(c).

## II. ARGUMENT AND AUTHORITIES

### A. Circor's Reliance on Incorrect Law

In support of its motion, Circor incorrectly references law regarding general amendments to pleadings – i.e. that a district court should freely allow an amendment unless the opposing party can show prejudice, bad faith, or undue delay. Dkt. 27, p. 7, citing Fed. R. Civ. P. 15(a)(2).[4] However, Circor is not just proposing an amendment; it is asking to assert counterclaims against both Waggoner and IMI – a non-diverse party. When the court is faced "with an amended pleading naming a new nondiverse defendant in a removed case, [it] should scrutinize that amendment more closely than an ordinary amendment," *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987). In such a scenario, to determine whether to permit joinder of a non-diverse party, the district court must balance the equities using the four factors enumerated in *Hensgens v. Deere & Co.*: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the movant has been dilatory in asking for the amendment; (3) whether the movant will be significantly injured if the amendment is not allowed; and (4) any other equitable factors. *Duhaly v. Cincinnati Ins. Co.*, CV H-18-4158, 2019 WL 2075911, at *1 (S.D. Tex. May 10, 2019)(citing *Hensgens*, 833 F.2d at 1182).[5]

---

[4] As explained below, even applying these factors, it is clear that the request should be denied as the proposed amendment would unfairly prejudice Waggoner, and is the product of a deliberate scheme to delay the adjudication of this case, which invariably amounts to bad faith.

[5] Waggoner recognizes that this presents an unusual scenario, as it is typically a plaintiff that attempts to destroy diversity after removal. Here, however, it is the defendant attempting to destroy diversity in a case that the defendant itself removed, which in-and-of-itself is illustrative of the abusive, dilatory nature of the request. The very purpose of the *Hensgens* factors is to curb joinder of non-diverse parties as a tactical measure, and the logic behind the rule is equally applicable to a defendant who uses joinder as an abusive, tactical measure rather than a legitimate procedural mechanism.

B.  **All Factors Weigh Heavily in Waggoner's Favor.**

Applying the *Hensgens* factors to the facts of this case, it is clear that Circor's request should be denied.

i.  **The Purpose of the Amendment is to Defeat Federal Jurisdiction and Delay the Resolution of this Matter.**

"When courts analyze the first *Hensgens* factor, they consider 'whether the [movant] knew or should have known the identity of the nondiverse defendant when the state court complaint was filed.'" *Priester v. Long Beach Mortg. Co.*, No. 4:10-cv-641, 2011 WL 6116481, at *2 (E.D. Tex. Dec. 8, 2011) (quoting *Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006); *Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004) ), *aff'd* 708 F.3d 667, 679 (5th Cir. 2013). The evidence here is crystal clear that Circor was fully aware of Waggoner's employment with IMI as far back as February of 2019. *See* Dkt. 14, at App. 8-9. Circor sent multiple letters and emails threatening to sue Waggoner and then IMI on the same basis they now seek to countersue, well before Waggoner filed suit, and before Circor removed the case to this Court. *See* Exhibit 1; Dkt. 14, at App. 8-9, 10-11; *WNWSR, L.L.C. v. Chesapeake Energy Corp.*, CV 4:15-1860, 2015 WL 7357840, at *4 (S.D. Tex. Nov. 19, 2015)(pre-suit letters showing movant's knowledge of putative non-diverse defendant created inference that amendment was intended to destroy diversity, despite claims that movant did not "discover" the facts giving rise to the claims until after removal). Thus, Circor has had knowledge sufficient to trigger the putative counterclaims for over a year.

Circor attempts to absolve itself of this knowledge because it was allegedly lead to "believe Waggoner was not engaged in business activities which violated the non-solicitation covenant in his Agreement" Dkt. 27, p. 9, referencing Dkt. 1-2 at p. 23. However, this pretext is belied by two salient facts: (1) the letter Circor references (Dkt. 1-2 at p. 23) specifically states that Waggoner's gratuitous restraint was <u>temporary and conditioned on the parties reaching an amicable resolution</u>; and (2) the undersigned subsequently notified Circor in August of 2019 (six months ago), that the temporary arrangement was no longer in effect – a fact that Circor openly acknowledges, but conveniently ignores in its Motion. *See* Dkt. 15, Circor's January 5, 2020, letter to the Court, stating, "[a]fter Waggoner replaced his attorney in late August, his new counsel told the undersigned that Waggoner had, in fact, not been sidelined…" Waggoner's willingness to forego competing and soliciting was expressly conditioned on Circor engaging in good faith settlement negotiations, and when it became clear that Circor was only feigning interest in exploring settlement (a recurring theme in this case – *see* Dkt. 25, regarding Circor recently cancelling mediation), the undersigned notified Circor that Waggoner's temporary restraint was no longer in effect – putting Circor on actual notice.

If Circor was truly interested in testing the enforceability of its covenants, then it could and should have asserted its rights in a timely manner. Instead, it chose to lay behind the log and now seeks to strategically compel a pointless remand, and forestall the resolution of this case for as long as possible, which satisfies the first two *Hensgens* factors.

### ii. Denial of Amendment Will Have No Impact on Circor's Rights.

Denial of Circor's request to amend will have no effect on the availability of its rights. Circor's counterclaim and third-party claim are entirely dependent on the enforceability of its restrictive covenants. *See generally* pp. 2-3, *supra*. In that regard, if the Court denies Circor's Motion, or holds it in abeyance pending resolution of Waggoner's summary judgment, Circor will be able to assert its claims if and when the Court renders a declaration that leaves open the prospect of such claims. Alternatively, if the Court grants Circor's Motion, Waggoner would be unfairly prejudiced due to the fact that the resolution of this case would be significantly delayed, by virtue of a lengthy removal and remand that Circor itself engineered. Waggoner has devoted considerable time and resources towards the summary judgment briefing, and the matter is already under consideration by the Court. If remanded, the parties would have to start the process over in state court, at which time the outcome of the litigation would still depend entirely on the outcome of Waggoner's request for declaratory judgment. This satisfies the third *Hensgens* factor, and militates heavily in favor of denying Circor's Motion.

### C. Circor's Conspicuous Lack of Evidentiary Support.

The entire basis for Circor's request is its spurious claim that it recently discovered, "facts giving rise to these claims after the deadline to amend and to add parties had already passed." Dkt. 27, pp. 1-2. Indeed, Circor goes so far as to claim "Circor's representatives witnessed Waggoner attending meetings at the corporate office of a current customer…" *Id*. at p. 9. However, Circor provides the Court with no evidentiary support whatsoever, which begs the question – if there truly was such a

compelling basis for bringing these claims at this juncture, why was nobody from Circor willing to attest to these facts, and what does Circor expect the court to base its ruling on - rumors? This "Motion" smacks of just being an extra-curricular effort to throw mud at Waggoner in a bid to affect the Court's ruling on the motion for summary judgment. Considering the significant impact that the requested amendment would have on the adjudication of this case, and Circor's lack of any support for its supposed "newly acquired evidence", the Court should deny the Motion and permit the matter to proceed to summary judgment.

## III. <u>CONCLUSION & PRAYER</u>

For the reasons stated herein, Plaintiff prays that Circor's Motion for Leave to File First Amended Answer (Dkt. 27), be denied in its entirety, and for all additional relief to which Plaintiff may be entitled.

Respectfully submitted:

/s/ *David L. Barron*
David L. Barron
Attorney-in-charge
Texas Bar No. 00798051
So. District Bar No. 21117
Adam C. Gutmann
Texas Bar No. 24074336
So. District Bar No. 1126258
COZEN O'CONNOR, P.C.
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: (713) 750-3132
Facsimile: (832) 214-3905
dbarron@cozen.com
agutmann@cozen.com

**ATTORNEYS FOR PLAINTIFF**

# **CERTIFICATE OF SERVICE**

I do hereby certify on this 21st day of February 2020, a true and correct copy of the above and foregoing document has been served via ECF to counsel of record:

Travis J. Odom
todom@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713-951-9400
713-951-9212 (Fax)

Luke C. MacDowall
Adam R. Perkins
aperkins@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713-951-9400
713-951-9212 (Fax)

COUNSEL FOR DEFENDANT

/s/ *David L. Barron*
David L. Barron