IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **JERRY WAGGONER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 3:19-CV-273** |
| v. | § | |
| | § | |
| **CIRCOR INTERNATIONAL, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

### PLAINTIFF JERRY WAGGONER'S RESPONSE TO
### CIRCOR INTERNATIONAL INC.'S MOTION TO COMPEL

COMES NOW, Plaintiff Jerry Waggoner, and submits this Response to Circor International Inc.'s ("Circor") Motion to Compel (Dkt. 30), and in support thereof would show:

**I.   SUMMARY OF RESPONSE**

As the Court is well aware, the discovery Circor is seeking to compel only becomes relevant if – and ONLY if – the Court allows Circor to amend its pleadings and countersue Waggoner and his employer for damages – which has yet to occur. Therefore, the entirety of Circor's discovery amounts to a pointless fishing expedition into the intimate business dealings of Circor's competitor and Waggoner's current employer, IMI Zimmerman & Jansen, Inc. ("IMI"). Circor has no legitimate interest (at the present) in the information it is trying to obtain, revealing its intent to keep up its campaign of negatively impacting Waggoner's employment – even in the face of a pandemic. To be filing a tactical motion aimed at increasing legal spend at this juncture is "Exhibit A" in

support of why this Court should not only grant Waggoner's Motion for Summary Judgment but also award fees.

The parties have already submitted detailed correspondence to the Court on this very issue (Dkt. 20 and 25), and discussed this at length with the Court at the February 10, 2020, pre-motion hearing. Nothing has changed since then and it remains the case that absent a live counterclaim by Circor for damages (which does not exist at this time) none of the information or documents that Circor is seeking to compel have any probative value. Indeed, it is telling that Circor didn't ask for <u>any discovery</u> relevant to the enforceability of the agreement it is seeking to enforce. Circor's Motion should be denied or, alternatively, abated until such time as the Court rules on Circor's Motion for Leave to Amend.

## II.  ARGUMENT AND AUTHORITIES

### A.  Circor's Smear Campaign

As an initial matter, Circor continues to accuse the undersigned of promising to provide discovery and later backing out. Frankly, this is an underhanded tactic, based off of a cherry-picked email that only tells half of the story.[1] In truth, before Circor requested leave to sue Waggoner and his employer (IMI) for damages, Waggoner agreed to provide Circor with limited information in connection with an agreed mediation. Dkt. 30-2. Waggoner also proposed that Circor provide information germane to its claimed

---

[1] Waggoner's email response to Circor was attached as Exhibit 1 to Waggoner's Reply in Support of Motion for Summary Judgment, at Dkt. 23-1.

protectable interest(s) supporting the restrictive covenants at issue in this case. *Id.*[2] Waggoner's willingness to delve into these matters was driven by a desire to be transparent and hopefully resolve the case, and it was Waggoner's understanding that any information provided in the context of a mediation would be for the purposes of facilitating a resolution. Dkt. 23-1. Obviously, Waggoner has not and will not agree to waive objections to formal discovery as the price of admission for a mediation. For Circor to demand such a thing is tantamount to bad faith.

Rather than honoring Waggoner's proposal or reciprocating by providing any of the information requested at a mediation, Circor chose to send broad and burdensome discovery requests asking for a list of every phone call, email, and meeting for approximately one year of Waggoner's employment, and filed for leave to sue both Waggoner and IMI for damages. Dkt. 27; 30-3. Since this discovery was clearly objectionable and premature, Waggoner rightfully objected to the discovery – but made clear to Circor's counsel that Waggoner would still provide the requested information in conjunction with a mediation. Dkt. 23-1. Circor abruptly cancelled the mediation and filed a letter accusing the undersigned of discovery abuses. Dkt. 20.

Waggoner is hopeful that the Court will see Circor's tactics for what they are, and recognize Waggoner's good faith efforts to resolve the case – while also recognizing the legitimacy of the objections asserted, as explained below.

---

[2] It is important to note that Circor has never produced any of this information – even in response to Waggoner's Motion for Summary Judgment that specifically argues that no protectable interest exists.

3

**B.     Circor's Motion is Untimely.**

On December 31, 2019, Waggoner moved for final summary judgment on his request for declaratory relief. Dkt. 13.  Twenty-one days later, and after Waggoner responded to Circor's discovery, Circor responded to Waggoner's motion (Dkt. 18) but did not seek to delay the adjudication of the motion by filing an affidavit pursuant to Federal Rule of Civil Procedure 56(d) – which it was invariably entitled to do if it felt the discovery was relevant and necessary to adjudicate the relief sought in the summary judgment.  By responding to the dispositive motion without seeking relief under Rule 56(d), Circor has conceded that the requested discovery is not needed for an adjudication of Waggoner's declaratory judgment claim – i.e. the only live claim pleaded in this suit. Therefore, Circor's post-summary judgment motion is too little, too late, and should be rejected.

**C.     The Requested Discovery is Irrelevant and Beyond Permissible Scope.**

As mentioned *supra*, Circor has requested detailed discovery into the ongoing business operations of IMI – one of its major competitors. *See* Dkt. 30-3. For example, Circor wants Waggoner to produce **every email** from his IMI email account sent to or from any one of a laundry list of business that Circor describes as a "customer," from October 2018 to the present. *See* Dkt. 30-3, page 11 of 13, Request for Production No. 1. Circor also wants Waggoner to produce any and all IMI proposals, pitches, bids, or presentations he was involved in preparing or presenting to any one of those companies it has listed as a "customer" of Circor. *Id.*, page 12 of 13, Request for Production No. 4. Even more, Circor is trying to force Waggoner to describe, in great detail, **every**

4

**conversation** he has had with any of these purported "customers" of Circor. *Id.*, page 5 of 13, Interrogatory No. 1. Presumably, these requests would include every email and phone call, even if personal and unrelated to business.

This discovery goes exclusively to <u>whether Waggoner is in violation of the restrictive covenants</u>, not <u>whether the restrictive covenants are enforceable</u>. Stated otherwise, the things that Waggoner is doing today have no bearing on whether he should be restricted from doing those things. Since the discovery has no bearing on the enforceability of the restrictive covenant at issue in this case (i.e. the only question of consequence) and considering the sensitive nature and extreme breadth of the discovery sought, Waggoner rightfully asserted objections. Dkt. 30-3. Circor now seeks to compel responses to this discovery, which purports to force Waggoner to conduct a burdensome fishing expedition and divulge his employer's sensitive business information to its competitor, Circor.

In support of its Motion, Circor relies on boilerplate truisms about the broad scope of discovery and fails to cite a single case that is on point. One thing that Circor gets right is that "[u]nder Rule 26, discovery may be had of any non-privileged information that is '<u>relevant to the claim or defense of any party</u>.'" Dkt. 30, p. 5, citing Fed. R. Civ. P. 26(b)(1) (emphasis added). However, what Circor fails to appreciate is that in order for discovery to be relevant, it must be "of consequence in determining the action." Fed. R. Evid. 401. As it stands, the only live claim in this case is a request by Waggoner for the Court to declare the non-compete and non-solicitation provisions of the subject

5

agreement unenforceable as written.³ To that end, Texas law provides:

> a covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promise.

Tex. Bus. & Com. Code. Ann. §15.50.

The enforceability and reasonableness of a restrictive covenant is a question of law for the court, and restraints are unreasonable if they are broader than necessary to protect the **<u>legitimate interests of the employer</u>**. *See Birk v. Hub Int'l Sw. Agency Ltd.*, EP-08-CA-259-FM, 2009 WL 10701860, at *13 (W.D. Tex. Apr. 1, 2009). Therefore, the reasonableness, and therefore enforceability, of Circor's restrictive covenant is <u>determined by reference to its own legitimate business interests</u> – <u>not IMI's business operations or Waggoner's activities related to those operations</u>. If the Court finds the restrictions reasonable and enforceable as written (however unlikely that may be), Circor could then claim that Waggoner is in violation of those restrictions – with such relief being defined and limited by Waggoner's activities at IMI. Until that happens, however, Waggoner's post-Circor activities remain completely irrelevant and beyond the scope of discovery.

Despite this obvious fact, Circor attempts to reframe and vastly expand the scope of discovery by reference to certain background facts that it claims are a necessary part of Waggoner's cause of action. While Waggoner recognizes that he has, indeed, pleaded

---

³ As Waggoner has repeatedly stated to Circor, and which is abundantly obvious from the state of the proceedings, Waggoner is no longer seeking injunctive relief in this case.

facts relating to his employment subsequent to leaving Circor, these facts have nothing to do with the scope of the declaratory relief sought[4], but rather, were provided as a procedural prerequisite to establish an actual claim or controversy under the Declaratory Judgment Act.[5] These background facts are largely uncontested, as Circor is well aware that Waggoner is working at IMI and is even seeking to sue him for doing so. Waggoner has no intention of asking the Court for a declaration that he is specifically permitted to work at IMI.[6]  Circor's argument that the subject discovery is relevant because it is probative of the relief sought by Waggoner is both factually and legally incorrect.  More importantly, if the discovery was not relevant enough for Circor to ask for the discovery before responding to a dispositive motion, it cannot now argue to the contrary.

## III.     CONCLUSION & PRAYER

For the reasons stated herein, Plaintiff prays that Circor's Motion to Compel Discovery Responses (Dkt. 30), be denied in its entirety, and for all additional relief to which Plaintiff may be entitled.

---

[4] Despite Circor's insistence that Waggoner is asking the Court for a specific declaration that he is permitted to work for IMI, Waggoner's Motion for Summary Judgment accurately portrays the content of the declaration sought – i.e. "Plaintiff's motion seeks a **declaration that the non-compete and non-solicitation covenants at issue are unenforceable, or alternatively, may be enforced only if substantially reformed to a relevant scope**." Dkt. 13, p. 2 (emphasis added).

[5] *See, e.g., Metzler v. XPO Logistics, Inc.*, 4:13CV278, 2013 WL 6172650, at *6 (E.D. Tex. Nov. 22, 2013)(dismissing claim brought by former employee under the Declaratory Judgment Act for lack of a ripe and justiciable controversy, where former employee had not obtained a position that would implicate the non-compete at issue).

[6] *See* note 4, *supra*.

Respectfully submitted:

/s/ *David L. Barron*
David L. Barron
Attorney-in-charge
Texas Bar No. 00798051
So. District Bar No. 21117
Adam C. Gutmann
Texas Bar No. 24074336
So. District Bar No. 1126258
COZEN O'CONNOR, P.C.
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: (713) 750-3132
Facsimile: (832) 214-3905
dbarron@cozen.com
agutmann@cozen.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify on this 3rd day of April 2020, a true and correct copy of the above and foregoing document has been served via ECF to counsel of record:

Travis J. Odom
todom@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713-951-9212 (Fax)

Luke C. MacDowall
Adam R. Perkins
aperkins@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713-951-9212 (Fax)

COUNSEL FOR DEFENDANT

/s/ *David L. Barron*
David L. Barron

45532491\2